# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal Case No. 1:23cr00022 |
| v. ) | |
| ) | **REPORT AND** |
| **JONAS LEWAYNE ZUVER,** ) | **RECOMMENDATION** |
| Defendant ) | |

## I. Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

## II. Facts

The defendant has been charged in a one-count Information. On November 20, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count One of the Information, charging him with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. 922(g)(1) and 924(a)(8).

At this hearing, the defendant was placed under oath and testified that he is 41 years old and had received his General Equivalency Diploma, ("GED"). The

–1–

defendant testified that he reads and writes the English language. The defendant testified that he suffered from anxiety and depression, and he was currently taking medication to address those conditions. The defendant also testified that he had a serious substance abuse history, including the use of methamphetamine and marijuana up until the time of his arrest on state charges in September 2023. The defendant stated that he had not abused these controlled substances since his arrest and incarceration in September 2023. He further testified that his mental health symptoms, his mental health medication, his recent substance abuse, and/or the lack of any recent substance abuse treatment, did not affect his current ability to make decisions in his best interest or his ability to understand the nature of the proceedings or the consequences of pleading guilty to the charge he faced. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case against him to proceed on the one-count Information filed with the court. The defendant stated that, other than the terms of the Amended Plea Agreement, ("Plea Agreement"), filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that he was fully aware of the nature of the charge against him and the consequences of pleading guilty to that charge. The defendant was

advised in open court of the charge contained against him in the Information. He testified that he had fully discussed the charge, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea. The defendant testified he understood that the offense with which he is charged is a felony and that, if his plea is accepted, he will be adjudged guilty of the offense and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offense with which he is charged. In particular, the defendant testified he understood that, if the court should find that he had three prior convictions for serious drug offenses and/or violent felonies, the charge against him carried a mandatory minimum sentence of 15 years'

incarceration.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated he understood that, after the applicable guideline range was determined, the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. He stated he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant further testified he was agreeing that Sentencing Guideline 2K2.1(a)(4) was applicable to his conduct in this case for a base offense level of 20 based on unlawful possession of a firearm after sustaining one prior felony

conviction of a controlled substance offense and that Sentencing Guideline 2K2.1(b)(4) was applicable for an additional 2 points in offense level based on the firearm being stolen.

The defendant further testified that, under the terms of the Plea Agreement, he would forfeit to the Government all rights he had in a Taurus G2C .40 caliber pistol with serial number ABB293790.

The defendant also testified that he understood he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

i. The right to plead not guilty to any offense charged against him;
ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
iii. The right of assistance of counsel;
iv. The right to see, hear and cross-examine witnesses;
v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his pleas and asked the court to accept his plea of guilty to Count One of the Information.

The Government presented the following evidence regarding the offense with which the defendant is charged:

1. On August 4, 2023, while agents with the Tazewell County Drug Task Force, ("TCDTF"), and other law enforcement agencies were executing search warrants at 5069 Mud Fork Road and 5073 Mud Fork Road, Bluefield, Virginia, within the Western District of Virginia, Zuver pulled up to TCDTF agents in an Impala vehicle. When the agents contacted Zuver, Zuver had a pistol, a Taurus, model G2C, serial number ABB293790, in plain view at his feet in the car;

2. Zuver was detained, given a *Miranda* warning, and agreed to talk to TCDTF agents. Zuver admitted that he was a felon and stated that he got the gun from another individual;

3. After a NCIC check, the Taurus, model G2C pistol, serial number ABB293790, came back stolen from Norton, Virginia;

4. Prior to August 4, 2023, Zuver had been convicted of the following nine felonies in Williams County, Ohio:

    a. Convicted July 2, 2021, of (1) Breaking and Entering and (2) Theft;
    b. Convicted on January 29, 2004, of (3) Vandalism and (4) Escape;
    c. Convicted on April 27, 2015, of (5) Aggravated Trafficking in Drugs, (6) Aggravated Possession of Drugs, and (7) Having Weapons While Under Disability;
    d. Convicted on October 28, 2021, of (8) Receiving Stolen Property and (9) Aggravated Possession of Drugs;

5. The Taurus, model G2C pistol, serial number ABB293790, functioned as designed and meets the definition of a firearm under 18 U.S.C. Section 921(a)(3) and was not manufactured in the Commonwealth of Virginia and, therefore, travelled in and affected interstate commerce;

6. On or about August 4, 2023, Zuver knew he had been convicted of felony offenses, including those listed in paragraph 3 above;

7. On or about August 4, 2023, in the Western District of Virginia, Zuver, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, specifically a Taurus, model G2C pistol, serial number ABB293790, which had been shipped and transported in interstate commerce; and

8. This is not all the government's evidence, but it establishes the elements of the charge to which Zuver is pleading guilty.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charge and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Information; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the

defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Count One of the Information and adjudge him guilty of that offense.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and

Recommendation to all counsel of record at this time.

  DATED:  This 20th day of November, 2023.

            /s/ *Pamela Meade Sargent*
            UNITED STATES MAGISTRATE JUDGE